IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **LEROY A. KENDRICK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. _____ |
| **WEISER SECURITY SERVICES,** ) | |
| **INC.** ) | |
| ) | JUDGE_____ |
| Defendant. ) | MAGISTRATE_____ |
| ) | |
| ) | JURY REQUESTED |
| _____) | |

**COMPLAINT**

Comes now the plaintiff, LEROY A. KENDRICK, by and through undersigned counsel, and for complaint against the defendant complains and states as follows:

**NATURE OF ACTION**

1. Plaintiff LEROY A. KENDRICK brings this cause of action under 42 U.S.C. § 2000(e) alleging violations of rights guaranteed under Title VII for discrimination in employment based upon race and retaliation. Additionally, Plaintiff asks this Court to take jurisdiction of state law claims under the Tennessee Human Rights Act, T.C.A. 4-21-101, *et seq.*

**JURISDICTION AND VENUE**

2. Jurisdiction of this Honorable Court is invoked

1

pursuant to 28 U.S.C. §§ 1331 and 1343. Venue is proper within this district pursuant to 28 U.S.C. §§ 1391(b)(e) and 1402(b) as the unlawful practices occurred in the Middle District of Tennessee. 42 U.S.C. § 2000e - 5(3).

## PARTIES

3. The plaintiff, LEROY A. KENDRICK, JR., was at all times relevant a citizen and resident of Clarksville, Montgomery County, Tennessee.

4. The defendant, WEISER SECURITY SERVICES, INC., is a foreign corporation incorporated under the laws of the State of Louisiana. It is qualified to do business in the State of Tennessee. Its principal office address is 3308 Tulane Avenue, New Orleans, Louisiana, 70119. Its registered agent for service of process is: National Corporate Research, Ltd. Inc., 992 Davidson Drive, Suite B, Nashville, Tennessee 37205-1051.

## ADMINISTRATIVE HISTORY

5. The plaintiff filed a complaint of discrimination alleging discrimination and retaliation in employment on or about December 15, 2010. A second Charge of Discrimination was filed on or about May 23, 2011, alleging retaliation. A Notice of Right to Sue was issued on September 20, 2011, EEOC Charge Number 494-2011-000582, and received on September 23, 2011.

6. This matter is filed within 90 days of receipt of the Notice of Right to Sue and, thus, is timely pursuant to 42 U.S.C.

Section 2000e.

**ALLEGATIONS**

7. The plaintiff, Leroy A. Kendrick, was at all times relevant employed by the defendant, Weiser Security Services, Inc. (Hereinafter "Weiser").

8. Plaintiff was at all times relevant a black male.

9. Plaintiff has a work history in the security/law enforcement arena, being in the national guard for three years, law enforcement for six years and security for one year.

10. Plaintiff began working for Defendant Weiser on or about July 19, 2010, to work a forty (40) hour week, Monday through Friday, as an unarmed security officer.

11. Plaintiff was assigned to work under Captain Richard Bridges, a white supervisor. As soon as Plaintiff reported for work, Bridges notified Plaintiff that he would work weekends and told Plaintiff that "I'm tired of Weiser sending me f***ing people who can't work weekends". Plaintiff had a job working in the Tennessee National Guard on weekends and was hired by Weiser knowing such. Plaintiff also had a second weekend job catering.

12. Thereafter, Bridges would schedule Plaintiff to work weekends knowing that he could not and had not been hired to work weekends. Plaintiff would have to call an account manager to force Bridges to remove Plaintiff from the weekend schedule.

13. There was a white security guard who also worked for

3

Bridges who likewise had a weekend job. Bridges did not place the white employee on the weekend work schedule nor did he attempt to force the white employee to work weekends. The white employee, Cockran, even asked Bridges if he was being racist as he too had a weekend job and was not removed from the schedule for weekend work. Bridges ignored the question.

14. Thereafter, Bridges would yell at Plaintiff, would get up in Plaintiff's face, would cuss Plaintiff, would continue to place Plaintiff on the weekend schedule, and would leave the post if Plaintiff was working. Bridges fired another black employee when he did not have the authority to do such. Other employees began to complain to management about the way Plaintiff was being treated by Bridges. In October of 2010, a meeting was held with the employees under Bridges and upper management. The employees voiced their complaints of Bridges, his racist attitude, the way he treated black employees, and the way he treated white employees who stood up for the black employees. At the conclusion of the meeting, management promised that something would be done about Bridges, but it was not. Bridges behavior got worse and he accused Plaintiff of stabbing him in the back and stated that he had wounds in his back.

15. Bridges behavior escalated and his friend, Corporal Corey, began to treat Plaintiff the same.

16. On or about December 20, 2010, Plaintiff lodged a

4

Charge of Discrimination with the EEOC.

17. Thereafter, Plaintiff was written up for false reasons, and had false accusations made against him by Bridges and management.

18. On April 4, 2011, Plaintiff was told by his employer that he was being removed from the Nashville facility. Plaintiff was told he could drive to locations outside of Nashville to work for less money. Plaintiff declined.

## COUNT I

## 42 U.S.C. § 2000e

19) Plaintiff incorporates the allegations setforth in numbered paragraphs one (1) through nineteen (19) of the preceding paragraphs of the Complaint by reference herein as if fully setforth verbatim.

20) Plaintiff alleges that the actions of the defendant are in violation of Title *VII* of the Civil Rights Act of 1964, as amended, as such constitutes unlawful discrimination prohibited by the Act.

21) Plaintiff alleges that as a result of the unlawful actions of the Defendant, he has suffered and will continue to suffer damages, to wit: lost wages, lost employment opportunities, compensatory damages for emotional distress, pain and suffering, embarrassment and humiliation.

## COUNT II

## 42 U.S.C. § 2000e

5

22) Plaintiff incorporates the allegations setforth in numbered paragraphs one (1) through twenty-one (21) of the preceding paragraphs of the Complaint by reference herein as if fully setforth verbatim.

23) Plaintiff alleges that the actions of the defendant are in violation of Title *VII* of the Civil Rights Act of 1964, as amended, as such constitutes unlawful retaliation prohibited by the Act.

24) Plaintiff alleges that as a result of the unlawful actions of the Defendant he has suffered and will continue to suffer damages, to wit: lost wages, lost employment opportunities, compensatory damages for emotional distress, pain and suffering, embarrassment and humiliation.

## COUNT III

## T.C.A. § 4-21-101 et seq.

25) Plaintiff incorporates the allegations setforth in numbered paragraphs one (1) through twenty four 24) of the preceding paragraphs of the Complaint by reference herein as if fully setforth verbatim.

26) Plaintiff alleges that the actions of the defendant are in violation of the Tennessee Human Rights Act, as such constitutes unlawful discrimination prohibited by the Act.

27) Plaintiff alleges that as a result of the unlawful actions of the Defendant she has suffered and will continue to suffer damages, to wit: lost wages, lost employment opportunities,

compensatory damages for emotional distress, pain and suffering, embarrassment and humiliation.

## COUNT IV

## T.C.A. § 4-21-101 et seq.

28) Plaintiff incorporates the allegations setforth in numbered paragraphs one (1) through twenty-seven (27) of the preceding paragraphs of the Complaint by reference herein as if fully setforth verbatim.

29) Plaintiff alleges that the actions of the defendant are in violation of the Tennessee Human Rights Act, as such constitutes unlawful retaliation prohibited by the Act.

30) Plaintiff alleges that as a result of the unlawful actions of the Defendant, he has suffered and will continue to suffer damages, to wit: lost wages, lost employment opportunities, compensatory damages for emotional distress, pain and suffering, embarrassment and humiliation.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF LEROY A. KENDRICK prays for the following relief:

A.  That service of process issue as to the defendant as set forth in Rule 4 of the Federal Rules of Civil Procedure;

7

B. That Plaintiff recover his compensatory damages;

C. That Plaintiff recover back pay and front pay;

D. That Plaintiff be awarded his attorney fees and costs incurred in prosecuting this action;

E. That Plaintiff recover prejudgment and post judgment interest;

F. That the court award Plaintiff such other, further, general and different relief to which he may show himself entitled;

G. That a jury be empaneled to try this cause.

Respectfully submitted,

/s/ *Debra A. Wall*_____
Debra A. Wall, B.P.R. #11331
Attorney for Plaintiff
133 Franklin Street
Clarksville, Tennessee 37040
Telephone:(931)906-3904
Facsimile:(931)906-3908
E-mail debraawall@msn.com

8

# OATH

STATE OF TENNESSEE       )
                         )        SS
COUNTY OF MONTGOMERY     )

I, Leroy A. Kendrick, do hereby swear or affirm that the facts as stated in the forgoing complaint are is true and correct to the best of my knowledge, information and belief.

                                      */s/Leroy Kendrick*_____
                                      Leroy A. Kendrick

Sworn to and subscribed before me, this the 14th___ day of _December_____, 2011.

                                      */s/ James R. Potter*_____
                                      Notary Public

My Commission Expires:_5/14/13_____